Good morning. Verna Weefeld on behalf of Appellant Ricky Sobarzo. There are two questions before this court. One is, is the sufficiency of evidence argument procedurally defaulted? And if not, is the evidence sufficient to support guilt? Mr. Sobarzo was convicted of second degree murder. The answer to both questions is no. I need to go a little bit into the facts in order to explain both issues, because it's a very simple set of facts. Stephen Sanders was stabbed in his apartment. He apparently did know his attacker, but was unable to say the name before he died. DNA evidence and analysis of some blood drops that were in the apartment. They were on the window blinds, the carpet, and the wall. It showed that it was Mr. Sanders' blood, blood from Mr. Sobarzo, and an unidentified third person. That is the only evidence at the crime scene. Mr. Sobarzo was interviewed by police. I think there was a piece of paper in the apartment that said Ricky 144. He lived down in an apartment. Weren't there people next door who heard something? But that's basically the entire case. In terms of, to go to the procedural default issue, on a direct appeal, Mr. Sobarzo, represented by counsel, argued under Jackson v. Virginia that the evidence was insufficient to convict him, viewing the evidence in the light most favorable to the prosecution. The evidence in this case was entirely consistent with innocence, and therefore, under both state and federal law, the Ninth Circuit case, U.S. v. Bishop, the evidence was insufficient. Mr. Sobarzo then, proceeding pro se, filed a habeas petition in the state superior court, calling one of his claims insufficiency of DNA evidence, set out a lot more facts about the DNA experts that testified. Also cited Jackson v. Virginia and said that the evidence was insufficient. So it was a challenge to the specific scientific evidence that tied Sobarzo to the blood spatters that were found at the crime scene? Well, there were other issues that he raised attacking the DNA testimony, but if you actually look at the habeas, the superior court habeas, it's just expanding and setting out more about what the experts testified. Your point is that it's subsumed within the Jackson attack on the sufficiency of the evidence. Exactly. So it couldn't have been procedurally defaulted, right? No. And the same thing in the federal petition, proceeding pro se, and we must construe these pleadings liberally, his petition is very brief. There's this one paragraph, sufficiency of evidence, guilt, who was this third person, that sort of thing. He doesn't even write in complete sentences. In the traverse, he expands more on the issue that is subsumed, the DNA testimony, and then also cites Jackson v. Virginia. Under the case law of this circuit, and there's nothing in the U.S. Supreme Court that would say that that's insufficient to alert the federal court to his claim. But the jury heard the defense theory that some other dude did it, the mysterious third person whose identity was never established. The jury heard the argument that even if Sabarzo was there, there's no evidence that he wielded the knife. He could have been an innocent bystander. But the jury rejected that, and the California court cited the evidence of his blood, the medical examiner's testimony that it was a particularly vicious, multiple-stabbing attack, and the witnesses hearing the banging on the wall and the fact that there was obviously a major fight going on based on the disarray of the crime scene, and said that's enough, even under Jackson, to support the jury's verdict. Why on an AEDPA review would we declare that to be objectively unreasonable? It is objectively unreasonable. It is also contrary to clearly established United States Supreme Court precedent because the California Supreme or the California Court of Appeal, the decision that's under review here, said that they agree. There are alternative theories as to what happened. Basically, it is speculative as to what happened. But they said that the jury resolved. The jury, you know, ruled against him. The jury ruled on the evidence. And our job is just to, again, I'm not really sure that the California Court of Appeal understood what its job was. Because it said, look, the manner in which this gentleman was unfortunately killed does support, could sustain a verdict of first-degree murder. So he said, Mr. Savarzo, I'd know. But he got convicted of second. But the issue is not whether it was first or second-degree murder. He got convicted of second, right? Who did it? Sudden quarrel or heat of passion. Does it matter? Yes, it does. Well, you see, don't we have a law, and I think maybe the Supreme Court has said, the government, in order to prove something, for a trier fact to find that this was proved beyond a reasonable doubt, which is the government's burden, does not have to disprove every conceivable scenario. And you seem to be arguing that it was under Jackson, it was the State's duty to disprove the fact that someone else did it. The possibility that someone else had done it. And I don't think that's the law. Well, if we go to, first of all, Jackson v. Virginia, relying on Winship, talks about the sufficiency of evidence the prosecution must prove to a near certitude of guilt. And we have two theories here, that the evidence could be consistent with guilt, that's true. But it's also wholly consistent with innocence. Well, I'm with you right up to the blood, Ms. Wellfall. That's what does it for me, is your client shed blood at the crime scene, so he couldn't have been an innocent bystander if he was cut. And this is a stabbing murder. And it is not uncommon for the assailant who is doing the stabbing to be cut himself while he's stabbing the victim. I mean, that's basically what the California courts were looking at in saying that a reasonable jury could find guilt here. But it is speculative. It's still speculative based upon the evidence that, in fact, he was stabbed or he could have been another victim. It's an inference that has to be drawn from circumstantial evidence. Okay, could have been another victim, except that he fled. And then he denied that he was there. Well, your point is that somebody else was there who bled. If there wasn't a third person there, then I would have a much bigger case. We know that everybody was bleeding, right, because we've got three different blood samples at the crime scene. The victims, your clients, and Mr. X. Right. Okay. Or Ms. X. Or Ms. X. Okay, I'll grant you that. Let's not, you know. Okay. Absolutely. I'm with you all the way. But that's what I'm saying. It's still speculative that it was Mr. Sabarso who either stabbed Mr. Sanders or Aiden Abedin who stabbed him. Right. And it's that speculation that was, and the fact that the circumstantial evidence is wholly consistent with innocence. We have the United States v. Bishop, a case in this court, which said that if he had been. Don't you think the blood does it? I mean, I know you don't. I don't expect you to answer that. But, I mean, if your client's blood had not been found, then I could see a plausible argument that the mere fact that he was there is not enough to show that he participated. He might have been an eyewitness to everything that occurred, but if his blood had not been found, that would have been, it seems to me, a pretty good defense. Well, if the blood hadn't been found, they would never have arrested him because they would have had no evidence that he was there. The blood is the only evidence that he was present. Well, but then you've got the phone calls. You've got the fact that he lived there. You've got, I mean, there's a little more to show that he was there. He used to live there. Yes. And the phone call came in a couple of weeks before. You've got about a minute left. Okay. I'll save the rest of my time for you. Thank you. Matt Mulford on behalf of the Warden. May it please the Court. This case on the merits might be difficult. It was a first-degree murder case, but it's not even a close call on a second-degree murder case. I'd like to use my time, if I may, and if the Court will permit me, to talk about the fact that we can't be talking about this case. Why is it not subsumed? I mean, if it's a challenge to the sufficiency of the evidence and a question of whether or not this is enough to convince a jury, why can't he also challenge the admissibility of the DNA? I mean, that's the critical evidence that ties him to the crime scene. Well, the way this case was pleaded by Mr. Sabar is all the way through, and we want to emphasize that he has an obligation to plead this case. But he's pro-law. Well, and respectfully, Your Honor, the rules set down by Congress, Rules 2 and 4, following 2254, require petitioners to plead facts. It requires them to give more notice than routine civil litigants. Okay? So the idea that we need to throw out rules because we have an uneducated inmate pleading his case, I think, is categorically opposed to the burdens of proof and our roles in this case. Maybe I'm being block-headed on this, but it seems to me that if he raises a Jackson issue, which puts in issue the sufficiency of all the proof that was before the jury, and included as part of that proof is DNA evidence and expert testimony that links blood spatter found at the scene to the petitioner's blood, what more does a pro se have to do when he later wants to challenge the admissibility of the DNA evidence on subsequent alias proceedings? I'm not going to dispute what you just said. Why is my logic going awry? Logic is not wrong. It's the factual history of this case that undercuts what you just said. He could, and I think a lawyer would, have done exactly what you said. He could have, in a federal court, cited Jackson v. Virginia, cited the 14th Amendment, cited the Constitution, and said there's insufficient evidence to support my conviction. That's not what Mr. Sobonja did. What he did, and we can look at his 2254 petition and examine his pleadings and says, I have several claims. I have some claims that I raised in direct appeal. I have some complaints that I raised in my post-conviction proceedings. And my post-conviction proceedings or claims are different than the ones I raised on appeal. Now, that's what the state court held when they looked at these two different proceedings. That's what the magistrate judge implicitly said when they looked at them. And that's specifically what Mr. Sobonja himself said. He has his direct appeal claim. He has his state habeas claim. Now, the state courts looked at that and said it's not the same. They're different claims. He could have raised the same one, but he didn't. So is the distinction that you're trying to draw that what he was really challenging on state habeas was the decision to admit the DNA evidence itself, not the sufficiency of it, but simply the evidentiary ruling? I think if you look at his state court pleadings and then his federal pleadings that are almost the same, yes, that's what he's doing. So it's almost a Daubert attack? Yes, except that in state court it's not Daubert. The rule is state court is Kelly Fry. Yes, that's exactly our point. He is making a state evidentiary analysis of his claim. And in state court it was rejected as being different with respect to Dixon. It is not the claim he raised on direct appeal. It is a different claim that was rejected. And so the fact that he has raised a different claim means that the magistrate judge, at least at minimum, even if we want to be liberal to pro-state petitioners, has an obligation to ask him, you've got two claims in your state court. Do you want to raise the one on direct appeal? Or do you want to raise the one that he raised in state habeas? Now, there was no need to ask him because he already said, here are the direct appeal claims that I'm raising, here are the post-conviction claims that I'm raising. And he says, I want to raise my state habeas claims. I don't want to, you know, I'm beating a horse here. The court is obviously, I think, looking in a different direction. And we're mindful of the fact that we don't want to put down the victims and people that are involved in drugs and are victimized and set upon. But in our view, the real victim here is Mr. Sanders. And everything I just said applies equally to the murder victim as opposed to the person that killed him and is now in prison. And so I think this court, sometimes in its desire to have a justice system that functions and welcomes everybody, forgets that litigants have an obligation to plead their claims. Well, let's suppose that we disagree with you on applying that to this case. And that it's in our best interest, perhaps, to look at the merits of the case to avoid perhaps having the case go on forever. And it's here now. So it's not respectfully, it's not in the interest of California. It's not in the interest of the taxpayers. The only person that has an interest in seeing this case be going forward is Mr. Savarzo. So I don't think I disagree with the point. But are you telling me that you aren't going to? Well, the court has no jurisdiction because he pled the wrong case. If it does have jurisdiction, then it's procedurally barred because it's the State law issue that the State court said was defaulted under State law. We can't get to it at this point because there's been an insufficient pleading and a chance to challenge the procedural default argument in the State court. It's waived. Mr. Savarzo should have done it in the district court. He hasn't done it. It's official. He should have done it in his briefing in this court, and he hasn't done it. So we're done. So are you conceding the merits? No, of course not. Well, then could you please argue them briefly? DNA evidence, blood evidence, the concession of his trial counsel that he was there when he did it. If we asked him whether he did it, he didn't say anything. In fact, he lied about being there. That's enough. Jackson v. Virginia does not require us to prove everybody that did it. All it makes us do is show that there is a rational basis for the jury to have done it, and there is. Thank you. Thank you. In terms of the procedural default issue, the most important document is the form petition that Mr. Savarzo filed. It's a very simple paragraph saying, Insufficiency of DNA evidence that prosecution failed on its burden of proof, regardless of how convoluted the State superior court petition was and his traverse where he does cite Jackson v. Virginia. He's clearly arguing that the DNA evidence, which is the only evidence. What was the district court's holding on this point? Pardon me? What was the district court's holding on this point? The district court, I agree with the Respondent that the district court didn't exactly get it right either, but this is de novo review. The district court, but the district court also found that the evidence was sufficient. It reached the merits of the case. And so I think that's the issue the Court needs to focus on, is the sufficiency argument. Well, why did it reach the merits? I was not clear exactly how it reached the merits. But, okay. Are there no further questions? Thank you.  Thank you. The matter to argue is submitted for decision.
judges: Goodwin, Schroeder, Tallman